**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| COLTON FRANCIS LEEKLEY-WINSLOW, | Case No. 19-CV-2071 (NEB/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, COURT CLERK "CINDY," and COURT CLERK "MICHELLE," | |
| Defendants. | |

This case comes before the Court on Plaintiff Colton Francis Leekley-Winslow's Complaint [Doc. No. 1], Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] (IFP Application), and motion for an order requiring that the U.S. Postal Service conduct service in this matter [Doc. No. 3] (Service Motion). For the following reasons, the Court recommends (1) dismissing Defendants Court Clerk "Cindy" and Court Clerk "Michelle" from this action and (2) dismissing any claims against the State of Minnesota, except to the extent that they seek prospective injunctive relief.

I.    **COMPLAINT ALLEGATIONS**

The Complaint concerns Leekley-Winslow's interactions with state-court clerks in a Minnesota state-court action, *Leekley-Winslow v. Fairview Health Services*, No. 27-CR-18-19543 (Minn. Dist. Ct.). Leekley-Winslow alleges that he visited the Hennepin

County Courthouse on July 31, 2019, to "deliver paperwork" in that action—specifically, a "motion for a default judgment" and "an affidavit certifying compliance with the [state] court's order to comply with evidence discovery." (Compl. 4.)

Leekley-Winslow alleges that when he sought to file this paperwork, a court clerk "mentioned filing fees for the motion."[1] (*Id.*) Leekley-Winslow told the clerk that the state court had denied his motion to proceed in forma pauperis (IFP) in Case No. 27-CR-18-19543, and that "he found this unacceptable" for various reasons. (*Id.*) He thus requested that the court "charge the filing fee but put it 'on his tab,'" which was $75.00 because of an earlier unpaid filing fee. (*Id.*)

Leekley-Winslow alleges that after this request, the person he was speaking to consulted a court clerk named Michelle, who said she would review the status of Leekley-Winslow's case. (*See id.*) She returned with a court clerk named Cindy, "both of whom immediately became hostile." (*Id.*) Cindy allegedly "rudely assert[ed] that the court [would] not receive [Leekley-Winslow's] motion without [him] paying the filing fee." (*Id.*) Leekley-Winslow apparently suggested "chang[ing] the motion to a communication," but Cindy refused to permit this. (*Id.* at 4–5.) After further discussion, Cindy refused to take Leekley-Winslow's paperwork, and Leekley-Winslow left the courthouse. (*See id.* at 5.)

The Complaint names three Defendants: the State of Minnesota and the court clerks named Michelle and Cindy. (*See id.* at 1.) Leekley-Winslow contends that

---

[1] Under Minn. Stat. § 357.021, subd. 2(4), the filing fee for a motion in a Minnesota state-court civil action is $75.00.

Michelle's and Cindy's conduct violated his rights under the First and Fifth

Amendments, and that the State of Minnesota's IFP procedures are unconstitutional

(presumably under the First and Fifth Amendments).  (*See id.* at 5.)  As for relief,

Leekley-Winslow seeks monetary damages from all three Defendants: $100,000.00 and

legal-expenses reimbursement from the State of Minnesota, and $1.00 from each of the

named court clerks.  (*See id.*)  He also appears to seek a declaration that Minnesota's

current IFP procedures are unconstitutional.  (*See id.*)  He suggests that in its place, the

state's procedure should be set up so that (1) "[a] litigant who has filed an IFP

[application] under penalty of perjury and not been found guilty of perjury may not have

paperwork refused at the courthouse due to filing fees," and (2) "[t]he State of Minnesota

must receive the paperwork, and may assess filing fees based on approval or denial of the

IFP only after the case has concluded."  (*Id.*)

II.     ANALYSIS

Leekley-Winslow did not pay this action's filing fee; instead, he applied for IFP

status.  In a separate order, this Court is granting the IFP Application.  Under

§ 1915(e)(2), however, where a plaintiff seeks to proceed IFP, the Court,

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, . . .

shall dismiss the case at any time if the court determines that," among other things, "the

action or appeal . . . fails to state a claim on which relief may be granted" or "seeks

monetary relief against a defendant who is immune from such relief."  While

§ 1915(e)(2) speaks in terms of dismissing "the case," courts also use § 1915(e)(2) to

eliminate portions of actions that fail to state a cause of action or that seek monetary

3

relief from immune defendants.  *See, e.g.*, *Bonczek v. Bd. of Trustees Nat'l Roofing Indus. Pension Plan*, No. 14-CV-3768 (JRT/LIB), 2015 WL 1897837, at *4 (D. Minn. Apr. 23, 2015); *Abduljabbar v. Minn. Dep't of Transp.*, No. 14-CV-3583 (ADM/JSM), 2014 WL 7476513, at *4 (D. Minn. Nov. 5, 2014), *R. & R. adopted*, 2015 WL 75255 (D. Minn. Jan. 6, 2015).

Leekley-Winslow purports to bring this action based on the U.S. Constitution's First and Fifth Amendments.  These do not provide a standalone right of action; litigants suing over state officials' alleged violations of their constitutional rights must use 42 U.S.C. § 1983.  *See, e.g.*, *Van Stelton v. Van Stelton*, No. 11-CV-4045 (MWB), 2014 WL 4898591, at *11 n.7 (N.D. Iowa Sept. 30, 2014) (citing cases); *Washington v. Vaghn*, No. 14-CV-0525 (JRT/JSM), 2014 WL 3687240, at *4 (D. Minn. July 24, 2014) (same).  The Court thus construes Leekley-Winslow's claims as being brought under § 1983.

Under § 1983, plaintiffs can sue individual defendants in those defendants' individual capacities or in their official capacities.  *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165–68 (1985) (discussing distinction); *Marsh v. Phelps Cty.*, 902 F.3d 745, 751–57 (8th Cir. 2018) (noting distinction).  Here, Leekley-Winslow fails to state the capacity (or capacities) in which he is suing the court-clerk Defendants.  Courts in this District faced with complaints failing to specify relevant capacities often ask the plaintiff to provide an addendum specifying the capacities in which he or she is suing individual defendants.[2]  In this case, however, because the Court would recommend that any

---

[2] When a case reaches the Eighth Circuit and the plaintiff has not specified the capacity in which he or she is suing the individual defendants, the Eighth Circuit assumes that all

individual-capacity claims against the court-clerk Defendants be dismissed (as discussed

below), the Court will simply assume that Leekley-Winslow means to sue all individual

Defendants in both their individual capacities and in their official capacities.

With this backdrop in mind, the Court recommends that certain parts of this case

be dismissed.  First, the Court recommends dismissing any individual-capacity claims

against the court-clerk Defendants.  Those clerks have a quasi-judicial immunity that is

absolute—an immunity not just from damages, but from suit itself.  *See, e.g.*, *Hamilton v.*

*City of Hayti*, No. 16-CV-0054 (RLW), 2017 WL 836558, at *5–6 (E.D. Mo. Mar. 2,

2017).  Court clerks have quasi-judicial immunity for, among other things, "acts taken at

the direction of a judge or according to court rule."  *See, e.g.*, *Geitz v. Overall*, 62 F.

App'x 744, 746 (8th Cir. 2003) (per curiam) (citing cases); *see also Tyler v. Vicki*, No.

16-CV-0189, 2016 WL 3448470, at *2 (D. Neb. June 20, 2016) (discussing *Geitz*), *aff'd*,

No. 16-3379 (8th Cir. Oct. 7, 2016); *Burgie v. Hannah*, No. 09-CV-0920 (GTE), 2010

WL 3199691, at *5 (E.D. Ark. Aug. 12, 2010), *aff'd*, 407 F. App'x 84 (8th Cir. 2011).

Here, the thrust of Leekley-Winslow's claims against the court-clerk Defendants is

that they violated his civil rights by following existing Minnesota rules for litigants who

fail to secure IFP status.  (This is why he seeks a declaration that the Minnesota-court IFP

system is unconstitutional.)  Given this thrust, the Court concludes that the court clerks

---

individual defendants have been sued in their official capacity only.  *See, e.g.*, *Baker v.*
*Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72
F.3d 615, 619 (8th Cir. 1995); *Nix. v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989)).

have quasi-judicial immunity to the extent Leekley-Winslow has sued them in their individual capacities.

The claims that remain, then, are those against the State of Minnesota itself and the official-capacity claims against the court-clerk Defendants. As a second case refinement, the Court recommends dismissing the official-capacity claims against the court-clerk Defendants. An official-capacity claim against a government official essentially amounts to a claim against the relevant governmental entity itself. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity . . . should be treated as suits against the State.") (citing *Graham*, 473 U.S. at 166); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007)). As a result, the Complaint's official-capacity claims against the court-clerk Defendants are redundant. Any official-capacity claim against them is effectively a claim against the State of Minnesota, which Leekley-Winslow has already named as a defendant. The Court thus recommends dismissing the official-capacity claims against the court-clerk Defendants. *See, e.g.*, *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (affirming district-court dismissal of official-capacity claim against individual when relevant governmental entity was already defendant); *see also Veatch*, 627 F.3d at 1257 (citing *Artis*); *Eilen v. Minneapolis Pub. Sch.*, No. 17-CV-4388 (ECT/DTS), 2019 WL 1557535, at *9 (D. Minn. Apr. 10, 2019) (dismissing official-capacity claim against individual when relevant government entity was already defendant; citing *Veatch*).

This leaves Leekley-Winslow's claims against the State of Minnesota. As a final

adjustment to this matter, the Court recommends dismissal of Leekley-Winslow's claims

to the extent that they seek anything other than prospective injunctive relief. This is

based on sovereign immunity. Under the Eleventh Amendment, "the judicial power of

the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State."

U.S. Const. amend. XI. Notwithstanding the phrase "another State" here, Eleventh

Amendment precedent establishes that "'an unconsenting State is immune from suits

brought in federal courts by her own citizens as well as by citizens of another state.'"

*Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (emphasis added) (quoting

*Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). And the issue is

jurisdictional: under the Eleventh Amendment, federal courts lack subject-matter

jurisdiction over claims against a state that has not consented to the suit. *See Kimel v.

Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *Seminole Tribe of Fla. v. Florida*, 517 U.S.

44, 64–65 (1996).

To be clear—this does not compel dismissal of all of the rest of this action. *Ex

Parte Young*, 209 U.S. 123 (1908), and related precedent create an exception to this

jurisdictional bar: a plaintiff can bring a § 1983 claim against states to the extent he or

she seeks "prospective injunctive relief in order to 'end a continuing violation of federal

law.'" *Seminole Tribe*, 517 U.S. at 73 (quoting *Green v. Mansour*, 474 U.S. 64, 68

(1985)); *Gardner v. Minnesota*, No. 16-CV-03999 (JNE/KMM), 2019 WL 1084714, at

*14 (D. Minn. Jan. 15, 2019), *R. & R. adopted*, 2019 WL 1086338 (D. Minn. Mar. 7,

2019).  At the present time, then, the Court has jurisdiction over Leekley-Winslow's

claims against the State of Minnesota to the extent that he seeks such relief.

In summary, this Court recommends (1) dismissing the court-clerk Defendants

from this action with prejudice; and (2) dismissing without prejudice any claims against

the State of Minnesota, except to the extent that they seek prospective injunctive relief.

## III.    RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED THAT**:

1. All claims in Plaintiff Colton Leekley-Winslow's Complaint against Defendants Court Clerk "Cindy" and Court Clerk "Michelle" be **DISMISSED** with prejudice.

2. Plaintiff's claims for monetary relief against the State of Minnesota be **DISMISSED** without prejudice.

Dated: September 30, 2019                  s/ *Hildy Bowbeer*
                                           Hildy Bowbeer
                                           United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).