UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Colton Francis Leekley-Winslow,<br><br>Plaintiff,<br><br>v.<br><br>State of Minnesota,<br><br>Defendant. | Case No. 19-cv-2071 (NEB/HB)<br><br>**REPORT AND RECOMMENDATION** |

Colton Francis Leekley-Winslow, 16465 25th Street South, Lakeland, MN 55043, pro se

Kathryn Iverson Landrum, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for State of Minnesota

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on the State of Minnesota's Motion to Dismiss. [Doc. No. 11.] The motions were referred to this Court for a report and recommendation by the Honorable Nancy E. Brasel, United States District Court Judge, in an order of referral dated November 7, 2019. [Doc. No. 10.]

**I.   Background**

Plaintiff Colton Francis Leekley-Winslow, proceeding pro se, initiated this action against the State of Minnesota on August 1, 2019.[1]  (Compl. at 1 [Doc. No. 1].)  The

---

[1] The Complaint originally included additional defendants, two Hennepin County Court Clerks named Michelle and Cindy.  (Compl. at 1).  Upon report and recommendation from this Court, Michelle and Cindy, as well as Plaintiff's claim for monetary relief from the State of Minnesota, were dismissed with prejudice from this matter.  (*See* Order Adopting R&R, at 1–2 [Doc. No. 9].)

1

complaint concerns interactions Plaintiff alleges he had with the Hennepin County District Court related to an action he attempted to pursue in that court, *Leekley-Winslow v. Fairview Health Services*, No. 27-CR-18-19543 (Hennepin Cty. Dist. Ct.).

On June 11, 2019, Plaintiff filed an affidavit to proceed in forma pauperis ("IFP") in the state court proceedings. (James Aff. Ex. 3 [Doc. No. 15-3 at 3].) Under state law, if a person submits an affidavit for IFP status that is "substantially in the language required by [law], and is not found by the court to be untrue," and the court finds "that the action is not of a frivolous nature," then the court shall permit all court expenses to be paid by the state. Minn. Stat. § 563.01, subd. 3(b). Plaintiff's application was reviewed and denied by the state court, who found that Plaintiff was not indigent and was not entitled to proceed IFP. (James Aff. Ex. 4 [Doc. No. 15-4].)

Subsequently, on July 31, 2019, Plaintiff visited the Hennepin County District Court to file in-person a motion for default judgment and an affidavit related to his state case. (Compl. at 4.) Plaintiff informed the court clerk that his IFP request had been denied, which he "found . . . unacceptable," and asked the clerk to put the $75 filing fee "on his tab." (*Id.*) The clerks declined to file the paperwork because Plaintiff did not pay the filing fee. (Compl. at 4.) Plaintiff filed this lawsuit the next day, alleging constitutional violations.

On October 25, 2019, Assistant Attorney General Marta James filed a Notice of Appearance in this matter and served it at the address provided by Plaintiff and on the Court's docket (hereafter referred to as the "home address.") That mailing was returned with a notation that Plaintiff had been detained at the Washington County Jail. (Landrum

2

Letter at 1 [Doc No. 24].) From that point forward, Defendant mailed all documents to both Plaintiff's home address and the Washington County Jail. (*Id.*) When Defendant filed its motion to dismiss the remainder of Plaintiff's claims on November 8, 2019, copies of the motion and supporting documents were mailed to both locations. (Certificate of Service [Doc. No. 17].) The paperwork mailed to Plaintiff's home address was returned as undeliverable but the mailing to the Washington County Jail was not returned. (Landrum Letter at 1.) Later, in December, Defendant mailed a Notice of Withdrawal and Substitution of Counsel to both addresses. [Doc. No. 18-1.] This time, the copy sent to the Washington County Jail was returned as undeliverable, but the document sent to Plaintiff's home address was not returned. (Landrum Letter at 1.) Finally, on January 23, 2020, Defendant mailed a copy of its Notice Regarding Reply Memorandum to both addresses. [Doc. No. 22.] Neither copy was returned. (Landrum Letter at 1.)

A hearing on Defendant's motion was scheduled for January 28, 2020, at 9:00 a.m. (later changed to 9:30 a.m.). [Doc. Nos. 12, 20.] The date, time, and location of the hearing were set forth in the Notice of Motion filed by Defendant and sent to both addresses. [Doc No. 17.] Plaintiff failed to respond to Defendant's motion and did not appear for the hearing. (*See* Jan. 28, 2020 Minutes [Doc. No. 23].)

**II.  Discussion**

The Court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court construes Plaintiff's remaining claims to be seeking (1) declaratory relief that Minnesota's IFP statute was unconstitutionally applied

3

to him and (2) declaratory relief that Minnesota's IFP statute is unconstitutional on its face, and (3) injunctive relief in the form of a change to Minnesota's IFP statute as follows:

> A litigant who has filed an IFP [application] under penalty of perjury and not been found guilty of perjury may not have paperwork refused at the courthouse due to filing fees. The State of Minnesota must receive the paperwork, and may assess filing fees based on approval or denial of the IFP only after the case has concluded.

(Compl. at 5.)

### A.   Plaintiff's As-Applied Constitutional Challenge

Defendant argues that Plaintiff's complaint "in essence . . . asserts that the state court ruled incorrectly in determining that he was not indigent and in denying his application for IFP." (Def's Mot. Dismiss at 6 [Doc. No. 11].) To that end, Defendant asserts, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine in that they seek to overrule the state court's decision. (*Id.* at 6–8.)

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Generally, state appellate courts review state district court decisions, with any subsequent federal review limited to the United States Supreme Court under 28 U.S.C. § 1257. As such, federal "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme Court]." *Exxon Mobil Corp.*, 544 U.S. at 283. In other words, with rare exceptions, the federal district courts lack

subject matter jurisdiction to review state-court rulings.  *See id.* at 292 n.8; *Lemonds v. St Louis Cty.*, 222 F.3d 488, 492 (8th Cir. 2000).

*Rooker-Feldman* applies not only to "the rare case styled as a direct appeal," *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004), but also to attempts to litigate different claims that are nevertheless "inextricably intertwined" with the state-court judgment, *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *see Lemonds*, 222 F.3d at 492 ("The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions.").  There are four requirements for *Rooker-Feldman* to apply:

> (1) the federal court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state court judgment must have been rendered before the district court proceedings commenced.

*Christ's Household of Faith v. Ramsey Cty.*, 618 F. Supp. 2d 1040, 1044 (D. Minn. 2009) (citing *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156–57 (8th Cir. 2007)).  All four elements are present here.

While Plaintiff's complaint is styled as a challenge to the Minnesota IFP statute, the impetus for his complaint was the state court's decision regarding his IFP status, which he essentially seeks to overturn.  That is, the heart of Plaintiff's as-applied constitutional challenge is that the IFP statute was wrongly applied to him *by the state court*.  A decision by this Court that the law was unconstitutionally applied would effectively nullify the state judgment.  That is precisely what *Rooker-Feldman* prohibits.  See *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 513 (8th Cir. 1999)

5

("When the goal of a state action is nullify a state judgment, it is barred."); *see also Davis v. Montgomery*, 124 F. Supp. 2d 1107, 1113 (S.D. Ohio 2000) (citing *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996) (finding that the plaintiff's constitutional claims were "inextricably intertwined" with state court proceedings because the constitutional challenge "would effectively nullify the state court's determination"). Although his claims are styled as constitutional challenges, they are, in effect, an appeal by Plaintiff of the Minnesota state court's judgment denying him IFP status and, as a result, refusing to allow him to proceed with his case without paying the filing fee. *See O'Grady v. Johnson*, Case No. 05-cv-2203 (JNE/JJG), 2006 WL 2403579, at *10 (D. Minn. Aug. 18, 2006) (noting that a federal civil rights action was "in reality, an appeal . . . of the Wisconsin state court judgments relating to his divorce and child support and custody obligations under which he failed to prevail and from which he now complains of injury"). The Minnesota court's IFP determination is thus "inextricably intertwined" with Plaintiff's as-applied constitutional challenge. *See Feldman*, 460 U.S. at 482 n.16.

Moreover, Plaintiff did not pursue his constitutional challenge in state court despite having a reasonable opportunity to do so. *See Powell*, 80 F.3d at 467 (holding that a constitutional challenge of a statute did not preclude application of the *Rooker-Feldman* doctrine when the plaintiff had a "reasonable opportunity" to bring his claim in the state court proceeding). As Defendant correctly notes, under Minnesota law, IFP decisions are subject to appellate review. *See* Minn. Stat. § 480A.06; *State v. Scheffler*, 932 N.W.2d 57, 60 (Minn. Ct. App. 2019). Plaintiff had sixty days from July 23, 2019 to appeal the IFP decision, which he did not do. *See* Minn. R. Civ. App. P. 104.01, subd. 1;

6

(James Aff. Ex. 3). To the extent Plaintiff believes the state court got it wrong, his remedy was in a direct appeal. Plaintiff "may not escape application of the [*Rooker-Feldman*] doctrine by merely electing not to appeal an adverse state trial court judgment." *Powell*, 80 F.3d at 467.

Consequently, Plaintiff's as-applied constitutional challenge claim, which effectively seeks reversal of the state court's IFP status determination, is barred by *Rooker-Feldman* and should be dismissed for lack of subject matter jurisdiction.

### B.  Plaintiff's Facial Constitutional Challenge

The Court also construes Plaintiff's complaint as seeking declaratory and injunctive relief on the basis that the Minnesota IFP statute is facially unconstitutional. Unlike a challenge to the state court's decision, a facial challenge to the constitutionality of the statute is within this Court's jurisdiction. 28 U.S.C. § 1331. However, the Court declines to reach the merits of Plaintiff's challenge, finding instead that dismissal is warranted under Federal Rule of Civil Procedure 41(b).

Under Rule 41(b), an action may be dismissed for a plaintiff's failure to "prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed R. Civ. P. 41(b); *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977). Further, courts maintain an inherent power to control and regulate their own docket. *Wermers*, 557 F.2d at 175. While dismissal for failure to prosecute is generally invoked in instances involving "more egregious conduct, such as willful violations of court orders," it may be warranted in cases where the Plaintiff has engaged in "continued or persistent failure to prosecute an action." *Kost v. Hunt*, 2016 WL 5539786, at *6 (D. Minn. Aug. 11, 2016)

(citing *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013); *Fitzpatrick v. Hennepin Co.*, 2010 WL 1626906, at *3 (D. Minn. April 21, 2010)).  A Court should, however, "consider whether a less severe sanction could remedy the effect of the litigant's transgressions."  *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).

Plaintiff commenced this action on August 1, 2019.  (Compl. at 1).  On November 8, 2019, Minnesota filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Def. Mot. Dismiss at 1.)  Plaintiff never responded to the motion and did not appear for the motion hearing.

The Court understands that some—but not all—of the mail sent to Plaintiff's home address after October 25, 2019 was returned as undeliverable because Plaintiff was detained at the Washington County Jail.  However, Defendant states unequivocally that once it learned Plaintiff may have been incarcerated in the Washington County Jail, all documents thereafter were sent both to Plaintiff's home address and the jail.  (Landrum Letter at 1.)  Indeed, Defendant's motion to dismiss and supporting paperwork were apparently successfully delivered to Plaintiff at the Washington County Jail, as they were not returned.  (*Id.*)  Likewise, Defendant's Notice Regarding Reply Memorandum was mailed to both addresses and neither copy was returned.  (*Id.*; Doc. No. 22.)

Furthermore, insofar as Plaintiff's failure to respond in any way whatsoever to the instant motion may be attributable to his being neither at his reported home address nor in the Washington County Jail, it is Plaintiff's obligation to keep the Court apprised of his current address so that he may receive correspondence, notices, motions, and other

8

important documents related to his action. *See, e.g.*, *Jackson v. Brown*, Case No. 18-cv-2567 (WMW/LIB), 2020 WL 1236708, at *3 (D. Minn. Jan. 3, 2020); *Hogquist v. Anoka Cty. Dist. Courts*, Case No. 19-cv-2471 (WMW/KMM), 2019 WL 6874709, at *1, n.1 (D. Minn. Dec. 17, 2019); *Heiderscheid v. Purdy*, Case No. 18-cv-2677 (PJS/DTS), 2019 WL 4394850, at *2 (D. Minn. Aug. 22, 2019). The Court is not required to suspend activity in this case because Plaintiff's whereabouts are unknown. *See Glewwe v. Unity One Federal Credit Union*, Case No. 12-cv-0308 (JNE/JJG), 2013 WL 1408639, at *2 (D. Minn. Mar. 12, 2013) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.").

Accordingly, the Court recommends that Plaintiff's action be dismissed for failure to prosecute. That raises the question whether the dismissal should be with or without prejudice. The Federal Rules of Civil Procedure permit dismissal with prejudice for failure of a plaintiff to prosecute his claim. Fed. R. Civ. P. 41(b). However, because dismissal with prejudice is an extreme sanction, it is only applied in cases of "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt*, 203 F.3d at 527. While Plaintiff has failed to provide this Court with his updated address as required, the Court cannot conclude, based on the present record, that Plaintiff has engaged in willfully disobedient or dilatory conduct. *See Jackson*, 2020 WL 1236708, at *3 n.1 ("Although Plaintiff has consistently failed to provide the Court with any accurate updated address, there is no indication as to the basis for Plaintiff's failure to do so. Therefore, the Court cannot find that such action was willful. Likewise, the Court

9

cannot conclude that Plaintiff willfully failed to comply with . . . prior directives because there is no indication in the record that Plaintiff actually received notice of these directives due to his failure to provide . . . an updated address."); *Heiderscheid*, 2019 WL 4394850 at *2 ("However, because [Plaintiff]'s conduct cannot be called clearly willful or persistent, dismissing the matter without prejudice strikes the most prudent balance between controlling this Court's docket and ensuring [Plaintiff]'s right to access justice.").

Because the Court does not find on the present record that Plaintiff engaged in willful or intentional behavior, it believes that dismissing this present case without prejudice "strikes the most prudent balance between controlling this Court's docket and ensuring [Plaintiff's] right to access justice." *Heiderscheid*, 2019 WL 4394850, at *2 (citing *Hunt*, 203 F.3d at 527).

Because the Court resolves this motion under Rule 41(b), it need not reach Defendant's other arguments in support of dismissal.

## IV.    Recommendation

For the reasons set forth above, the Court recommends that Plaintiff's as-applied challenge to the constitutionality of Minnesota's IFP statute be dismissed under Rule 12(b)(1) as outside the scope of this Court's jurisdiction. The Court recommends that the remainder of Plaintiff's claims, which it construes as a challenge to the constitutionality of the statute on its face, be dismissed without prejudice pursuant to Rule 41(b).

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant State of Minnesota's Motion to Dismiss

[Doc. No. 11] be **GRANTED**, and all claims be **DISMISSED WITHOUT PREJUDICE.**

Dated:  6March 30, 2020    s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under District of Minnesota Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the formatting parameters set forth in LR 72.2(c).